Good morning. We have one appeal to read here this morning. Council were familiar with your cases. We've read your briefs. The authority cited in your briefs and looked at whatever portions of the record we needed to look at. So if you have limited time this morning, get straight to the heart of your argument. We'll probably have some questions, but be mindful of our traffic lights. When the red light shines, it is time to finish. If you're answering a question from the court, you may continue to finish your answer, but do be mindful of our time. McDonough v. Garcia, we'll begin with Mr. Greenstein. Good morning. May it please the Court. In August of 2016, James Eric McDonough went to the City of Homestead City Council meeting at City Hall in order to speak at the Council meeting. At that time, he was met by then-Sergeant Wright, who told him he was banned from speaking at the meeting because of his comments and behavior at the last meeting. With that, a lawsuit was filed. This Court then, in bank, has asked us to answer two questions. One, what is the proper forum for a City Council meeting such as the City of Homestead? And two, what level of scrutiny applies to that forum? It seems as if all parties agree as to what the answer to those two questions are. What we're asking the Court, on behalf of Dr. McDonough, is to answer the third question. Did the City of Homestead— The one that we did not ask you to address. I understand that, Judge. I understand that. I've got a question related to what we did ask you. Do you see any analytical difference between a limited public forum and a non-public forum? I'm sorry, Judge. Do you see any analytical difference between a limited public forum and a non-public forum? I'm not sure there is a difference. I think the courts have sort of put them in the same bucket. But I don't think the Court needs to even reach that issue because the issue for this Court is whether or not the City Council meeting is a limited public forum. Well, what about the distinction or the analytical difference between a limited public forum and a designated public forum? Apparently, according to the case law, there is an analytical difference. The limited public forum says that the City, in this case, can run a meeting and limit the people and the topics that are covered. A designated public forum seems to be something that is open for much more wide range of speaking. Okay, then what is the distinction between a school board meeting and a City Council meeting, which appear to fall on different lines of this forum spectrum? My understanding is they're the same. At a school board meeting, people come and speak only on issues relating to the school board. It's not open for someone to come and comment, let's say, on the City of Homestead's Police Department. They have to come and talk about the school board and issues relating to the school board. Same thing with the City Council. They want people coming and talking about issues that relate to the City Council, to the City, not about all issues everywhere. And they're allowed to make restrictions on who can speak and under what circumstances. I think there's a case from the 11th Circuit where it was held that actually the City can restrict those people who are taxpayers or residents of the City. Now, the City of Homestead does not do that in their public comments section. Can I ask you a record question? Sure. Does the City Charter or the City Code limit, number one, the people who can attend a City Council hearing or meeting? Judge, I have to tell you, I'm not familiar with the City Charter. What I can tell you is the rules of the quorum do not limit the people who may attend. They do limit what you may speak about. And I think the City can speak to that better, but there's two sections. One, there are certain issues that are addressed by the City Council and they allow people to comment on those issues. Then they open up for public comment on issues that are related to the City. Question number two, does the City Charter or the City Code limit the people who can speak on those matters at the City Council hearings? Not to my knowledge. Theoretically, from your understanding, someone who is a resident of an adjoining city or village or municipality who might be affected by a policy that the Homestead City Council is considering can come and speak about that. Yes, Your Honor. As a matter of fact, my client is not a resident of the City of Homestead. He lives actually close to it, but he lives in unincorporated Miami-Dade County. He comes and speaks about issues relating to the City, so they clearly allow that. Again, I'm not familiar with the Charter, Judge. I can't tell you what the rules of the quorum are. Thank you. And I just have one follow-up question, at least for now. I realize that the cases that support the conclusion that this was a limited public forum rely on Rosenberger and Good News Club, but it seems to me that those cases really wrestled more with the Establishment Clause and other than just kind of wholesale adopting the limited public forum language never really wrestled with the distinction that has been asked of you. Yes, Judge. Let me say this. It would obviously benefit my client in terms of the restrictions that are placed on him by the City of Homestead if this Court were to declare the City Council City Council meeting to be a designated public forum. Then there's a strict scrutiny that would apply, not as if it's a limited public forum. However, to be fair, my research showed that around the country, most courts, I think I found one, it was the Seventh Circuit, finds that the City Council meetings are all limited public forums. As a matter of fact, I think this Court has previously ruled in some of the cases that at least people conceded or the Court held that they were a limited public forum. Like I said, I wish I could find case law that would support the fact that it's a designated public forum. Then we'd have strict scrutiny and it would be more difficult for the City to restrict speech. However, to be honest, that appears to be what the case law says. Case law says that it's a limited public forum. And for my client's purposes, I don't think it matters. I think whatever restriction they place, whether it's a designated or limited public forum, what they did to my client is unconstitutional. And that's why I want this Court to take up the third question. If the Court doesn't want to... Of course, the panel may reach that question under what you wish you would like for to be the standard and reach the conclusion that you favor, right? Right. But I think... So the real question here is the standard, right? Understood. That's what we asked you to brief. I agree. And I did take it a further step because I think the unbanked panel has the power to do that. And I don't see any need to refer it back to the panel. But I leave that to the Court's discretion, obviously. Well, it has to go back to the panel in any event because there were all the other issues. The panel would at least have to, in all likelihood, reinstate its opinion as to the other issues. Understood, understood. But that's why I added it to my brief. I thought it was important for the Court to take what I believe the research has found and apply it to my client's case. There is nothing in the record, as the panel said, in writing about the trespass order? I don't remember specifically. But yes, I believe the analysis was that the trespass order, based upon Jones v. Hyman, was unconstitutional. No, not... I wasn't asking... I'm sorry. I wasn't asking about the panel's legal analysis. But just another record question. There is no written trespass order in the record. All we have is what was relayed to your client. Yes, sir. There is no written trespass order. It was just an oral one. They did follow it up with a police report, but it was never delivered to my client. It was just oral, which probably has the same effect that the city wanted. Did he ever write a letter? No. And he returned to the school board meeting to speak? He did. Without writing a letter? Yes, he returned three or four months later, based on some other issues that went on with another person who was banned from the city, which is why I think their writing the letter was of no value whatsoever. He came back whether or not he wrote the letter, which means there was no trespass order and it was unconstitutional and the city knew it. Obviously, you don't think that makes a difference for whether your client wins, right? The fact that he came back without writing a letter, you don't think should make a difference? I think it makes a difference. Here's why, because if he went back without writing a letter, that means the city knew there was no procedure for that and they didn't insist on him writing a letter for him to come back. And you think that he was impeded also for those several months from coming back by the trespass order, correct? Yes. Okay. Yes. Not physically. He just was told not to come back until he wrote a letter and he never came back. He came back due to other circumstances that are really not part of the record because they're really not relevant at this point. He came back due to other circumstances. I mean, I don't know what the court, I think I've answered the questions. Yeah, do I hear any other questions? Well, thank you, Mr. Greenstein. You've saved some time for rebuttal as well, so let's hear from Mr. Geddes.  Good morning. May it please the Court. Chief Judge Pryor, members of the Court, Edward Geddes here on behalf of the city. With me at council table is Matthew Mandel and Jeremy Rosner on behalf of the city and the Florida Solicitor General Henry Whitaker and Deputy Solicitor General Daniel Bell. Having now spent so much time with this case, I begin to appreciate the struggles the panel had in trying to carve a path through the available case law that would shed light on what kind of forum is it. And I think somewhere, Judge Abudo, to your points is the struggle between the designated public forum and the limited public forum. Somewhere along the way, the rhetoric, the language that was used sort of went off the rails a little bit. And kind of adopting almost a first principles concept here is if we go back to Perry, which is where this whole forum analysis really begins, the Court was primarily focused on understanding whether or not something was a public forum or not a public forum, right? And in the course of that discussion, the Court considered the possibility of the situation where government designates what is traditionally not a public forum so that it will function just like a public forum, a traditional public forum. And... Well, let me, if I may. So, yes. So Perry creates these three categories and then we have cases that suggest, if not clearly cement, that a limited public forum is somehow subsumed within a designated public forum. And then we have Rosenberger and Good News Club. And Good News Club, in particular, where the Court, because the parties, like in this case, assume it's a limited public forum, never really addresses the issue of the distinction between a designated and a limited public forum. So my question to you in embracing this limited public forum category, where in Rosenberger would you point me to, and in Good News Club, and even in Walker, can you point me to where there is more support for this designation beyond just this assumption and then embracing of that language? Right. And I would suggest that maybe we start, although Rosenberger is the first Supreme Court decision that sort of draws in this notion of a limited public forum, that rhetoric, that terminology. But I think where that came from is in Perry itself, because in Perry, what the Court says is, if by policy or by practice, the government has opened the forum, and here's the key language that I think is the foundation of it all, for the indiscriminate use by the general public, then a public forum has been created. And that's the key distinction, because as the case law develops and evolves, and the what we now call the limited public forum is a forum, in essence, designated or marked off or established by government. Is that the test? Are you announcing a test? Because here's the other concern. It seems the Supreme Court has created four categories, but only two tests. And the strength of the government's position is based on which side of those two tests it falls. And the concern I perhaps only have is that the government will be encouraged to designate more forums as limited so that their behavior is somehow constitutional. Your Honor is correct. As far as I have been able to ascertain, there are only, despite four categories, only two tests. But I think that is the logical result of how the designated public forum came into existence. In other words, the designated public forum was so described because it was intended to function like a traditional public forum. So the same test that would apply to a traditional public forum, where it has to be narrowly tailored, where it has to advance a committee of government. Right. But my question is, now that we know what tests apply based on what the forum is, do we need a test to decide what the forum is? Hmm. There has never been a clear demarcation, and over time it has sort of evolved. I think, for example, in the non-public forum, the latest language that we've seen in the case law is the court saying when the court is, excuse me, when the local government is acting in a proprietary capacity for its own operational needs. And it's even been described in some case law as when you're in the non-public forum, there's no forum at all. So almost you don't need a test for it. If, just if I could throw out a random example. The city manager's office, where she or he works, is not a forum at all. It's government property. It's public property. But there is no test. There's nothing to apply in the sense of saying that anyone has a right or an expectation to come into the city manager's office and just say, Mr. Manager, I'm here to complain about something. There isn't. That's a non-forum. That is the non-public forum in its current. But counsel, with regard to a limited public forum, doesn't Rosenberger tell us that the test is, or a limited public forum is one that's created, quote, for certain groups or for discussion of certain topics? In other words, where you create a forum for just this group of people or for just these topics, then it is a limited public forum. Is that not the test that gets you to the forum analysis, which then dictates the test to apply? Right. So if we have a city council meeting and we want city residents to come and talk about city business, that's a limited public forum as opposed to a parade.  Where there may be reasonable time, place and manner restrictions, but you don't restrict it to certain types of groups and certain types of topics. That is correct, Your Honor. Going back to the question I asked your opponent, does the city charter or the city code or the city's own internal policies limit, number one, the type of person who can attend a city council meeting? Attend in the audience. Yes. No. Is that written down somewhere? No, it's not addressed in the affirmative or in the negative. Okay, got it. So that's question one. Thank you. Question two, does the city code, the city charter or the city's policies limit who can speak? Forget the topic now, but who can speak at city council meetings? So a person from Arkansas who's visiting and doesn't like the way the city of Homestead is doing something. They're just visiting for a week, but they want to be heard. They're like, I don't think this is working. The way we do it in Arkansas is much better. Can they stand up at a city council meeting, assuming they follow the other rules of the quorum and speak? As far as I can tell, yes, Your Honor. Unlike some local governments that have restricted and those restrictions have been upheld, restricted speakers only to residents or taxpayers within the municipality, Homestead does not have that. But that's not written down anywhere either. No, the only limitations, Your Honor, that I'm aware of and the record supports is a resolution that the city council enacted, and it lays out the procedures, the rules of the quorum, how and when somebody may speak, whether they have to register with the clerk, whether they have to disclose the topic that they're going to be speaking on. But as to the identity of the individual, whether they belong to a certain group, that is not addressed. Okay, last thing for me. I'm going to read you a line from Forbes from the Supreme Court in 1998 and just have you react to it with regards to how you test whatever the municipality has done. If the government excludes a speaker who falls within the class to which a designated public forum is made generally available, its action is subject to strict scrutiny. Your reaction? My reaction is- You told me that no one's limited from coming- My reaction is- And no one's limited from speaking as long as the topic is related to the city of Homestead. So what do you do with Forbes? My reaction is to say that because that quote is tied to a designated public forum- Daylight between designated and limited, right? Or is there- At that point in time, there wasn't because of where the language from Perry got distorted. Yeah, but that's not our distortion. That's the Supreme Court's distortion. I understand. But the U.S. Supreme Court has subsequently undistorted their case law, and they have drawn the distinction and they have created light between the designated public forum and the limited public forum. What's the difference? The designated public forum is a forum where the government takes a forum that was never intended to be open to the public and opens it so that it functions like a park or a sidewalk or any other traditional public forum for the, and I'm quoting the language from Perry here, the indiscriminate use by the general public. That is the designated public forum. Once the government takes that step, there is no difference between the two, practically speaking, analytically speaking. But when the forum that's created is one that is targeted for specific purposes, and the case law repeatedly acknowledges that the government has the right to restrict how its property is going to be used and if it's going to be used for specific purposes and to put limitations on it, that's when you start getting into the limited public forum scenario. Tell me more about the rules of decorum. You mentioned earlier something about attendees of the meetings perhaps having to register in some sense. So I wondered whether there actually is a limitation on certain groups. That is, you have to be someone who's actually showed up for the meeting, right? Do you also have to have, in some sense, identified yourself or registered with a clerk or somebody that you would like to speak so that you can then be recognized? Yes, absolutely, Your Honor. I understood Judge Jordan's question as differentiating between categories of . . . Yes, and my point is that maybe there is a differentiation. It's just not the one he suggested. Correct. To obliquely answer your question, Your Honor, somebody cannot just walk in off the street, go right up to the podium and say, hi, I'm here to talk about why I think the police aren't wearing the right kind of uniform. And it may well be that the person from Arkansas who's been paying a hotel tax that week and thinks that it's too high could come in and express an opinion about it if that person has registered according to the rules. Yes, I'm going ahead and read to you the particular provision from the resolution. It says, individuals wishing to speak on matters not included on the public hearing section of the agenda but pertinent to the city may do so by signing in with the city clerk 30 minutes prior to the meeting by providing their name, address and the topic that they would like to speak on. And doesn't the mayor also have discretion to allow someone who doesn't sign in to speak? It does. It follows up that it goes on and says, and may, underscored may, also recognize other persons who desire to speak. So in that respect, yes, it's open-ended. But there is a mechanism intended because otherwise, by not registering and by not indicating what your topic is, you theoretically have a scenario, you have a free-for-all. And just to be clear, when you say registering, you mean signing in? Yes, sign in. Yes, correct. You go to the clerk, you say, here's my name, I want to speak. Usually, some jurisdictions, they give you a card, a little speaker card and you have that. But you also do that for purposes of order, to maintain order because if it's a city council meeting, you're going to have different items on the agenda and you may say, I want to speak on item 10 of the agenda. So there's a reason or a mechanism for this. Absolutely. I mean, we've probably all been at least at one. Local government meetings can go a little haywire. Is it written down that you only get three minutes? Yes, Your Honor. Okay. Says it specifically. That same provision, it goes on to say the time limit for each person to speak shall be three minutes. Okay, Mr. Gettys, your time is about to expire. Do you have anything else? Unless the Court has additional questions for me, I will yield the podium and thank the Court for its time. Thank you. General Whitaker. May it please the Court, thank you for allowing me to appear today. I think it helps us start out with Judge Grant's question and just more generally the approach we've tried to take in our amicus brief here, which I think is trying to push the Court in the direction of trying to simplify the doctrine. And consistent with Judge Grant's— It seemed to me that your brief would have us complicate the question by getting into matters of private speech and going beyond the question we asked. Why do you say your approach would simplify things? Well, I think because what we—our central submission is actually to have the Court say that the central consideration in analyzing the kind of forum that is at issue is the factor of control. And that, I think, is the through line we see running through not only the public forum cases, but also the government speech cases and, indeed, the private forum cases. And we raise that issue not to complicate things, but rather to demonstrate that that is, in fact, the through line we see. Now, but just to go to your question, I think that you should clarify that there isn't a distinction between a limited public forum and a nonpublic forum in the Supreme Court's cases. I think there is Walker, which seems to say that there are four, but then there's Mansky in 2018, which cuts it back to three. And I think if you look at the Court's cases, really, they're treating them as synonyms, and that helps understand, I think, get to some of Judge Abudu's questions about the term limited public forum, because I think, you know, for example, Good News Club, Judge Abudu really equated the level of scrutiny that the Court applied in a case like Cornelius, which it characterized the internal mail system there as a nonpublic forum, and then treated it under the terminology of limited public forum. And so I think one useful thing the en banc could do is clarify that those two things are the same, because we are seeing some, I think, some confusion in the lower court cases. But just more broadly, I mean, we do see control as the through line, and that's true, I think, in two different respects in the doctrine. Do you think— Barry, could a city set up a meeting for participants to only say very positive things about the city council? And since that's the amount of control they've set, that would be okay? Well, I think that would make it, certainly make it, put it in the limited slash nonpublic forum box. I guess the question would be whether that would be reasonable in light of the purposes of the forum. Or viewpoint neutral? Yeah. I'm sorry? Point neutral? Or viewpoint neutral? That would not be viewpoint neutral, would it? Right. Or viewpoint neutral, I guess. Yeah. I mean, you know, the Court has treated those two things under similar rubrics. Can I ask you a question? So there's some, it seems kind of tautological a little bit. So if you have a designated public forum, that means there's no content restriction on what could be said during that public forum. But if you have a limited public forum, then you're restricting the content, right, of the public forum? Is a limited public forum just a designated public forum with a content restriction attached to it? Well, not necessarily. I mean, I think that you could also have a speaker-based restriction, too. I mean, that would be another factor. I'm trying to figure out, so we apply strict scrutiny to content-based restrictions on a designated public forum. But if the answer is any content-based restriction on a designated public forum turns it into a limited public forum, when would you ever apply strict scrutiny? Well, I guess you would apply strict, well, I guess, I don't know the answer to that question. I mean, I guess you would, you might apply strict scrutiny, I guess, in a circumstance where it's the answer that, you tell me, it's the answer that if the forum or if the city had said, we're having a parade on this place that normally is not open to everybody and it's open to everyone, you can come and do whatever you want. But when they got there, a police officer then said, well, nobody who is waving this kind of flag is able to be there. That would then be a violation of the rules that were set up in advance, as opposed to if the parade was designated in a place that it otherwise wasn't open to the public and in front of it said, this is only for people of this club and organization because they've signed up for their parade, that would be okay up front. In other words, doesn't the rules that are set up up front dictate the kind of forum which then dictates the analysis? I think that's right. And I think this gets back to some of Judge Jordan's questions, is that the subject matter restriction that this forum sets up absolutely, I think, takes it out of the designated public forum box in and of itself, even apart from the fact that in this particular forum, it does not seem that there were really any meaningful restrictions on the identity of the speaker apart from this registration requirement. But I do think that the central factor in looking at where it stands in this continuum is in fact control, as we say in our brief, and I'd be happy to answer any other questions Are there any other questions? Thank you, General Whitaker. Mr. Greenstein, do you want to take five minutes? I don't think so. I think it's pretty rare where both sides seem to agree as to the general proposition. My view, just so the Court knows and why I asked the Court to it, is more myopic than maybe the Court is looking to do. Because I understand the Court needs to develop a test that will apply throughout at least this circuit for now, that might apply in all different situations. As I said, my view is more specific. I'm only interested in how this Court sets up the test so that it either aids or defeats my client's case, which is why I asked the Court to address that, and that's the only real concern I have. I know the Court has broader concerns, but I want to make sure that the City cannot exclude somebody simply because they were allegedly disruptive a month before. So, I don't know if there's any questions since we all seem to agree in general. No. Well, I don't hear any, Mr. Greenstein. No, me either. All right, thank you very much. I appreciate it. Thank you. The Court is adjourned.